UNITED STATES BANKRUPTCY COURT          Not for Publication
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                              :          Chapter 7
                                                   :
JOHN T. CHASE,                                     :          Case No. 05-45706 (AJG)
                                                   :
                              Debtor.              :
-------------------------------------------------------x
                                                   :
JOHN T. CHASE,                                     :
                              Plaintiff,           :
                                                   :
       v.                                          :
                                                   :          Adv. Proc. No. 08-01128 (AJG)
                                                   :
KRISTEN F. CHASE,                                  :
                                                   :
                              Defendant.           :
-------------------------------------------------------x

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SEAL FILE**

Before the Court (the "Bankruptcy Court")[1] is the motion of John T. Chase (the

"Plaintiff" or "Debtor"), appearing *pro se*, to seal all present and future documents in

Case No. 05-45706, Adversary Proceeding Nos. 06-01190, 06-01294 and 08-01128

containing any mention of the Debtor's children.[2]  The Debtor's estranged spouse,

Kristen F. Chase (the "Defendant" or "Ms. Chase"), has filed an Affidavit in Opposition

to the sealing of any such records.  Further, in a reply brief filed on June 27, 2008, the

Debtor seeks additional relief in the form of a "Gag Order" against the Defendant to

prohibit her from making any statement to a third party alleging that the Debtor is a child

molester.

---

[1] This opinion contains numerous references to various state and federal courts.  For clarity, this court will
be identified as either the "Court" or the "Bankruptcy Court."
[2] The parties in this case have a seven-year-old child.  The Debtor has two other children from a previous
marriage.  (See Compl. ¶ 11, Adv. Pro. No. 08-01128, Docket No. 1.)

For the reasons stated below, the Plaintiff's motion is denied as to the sealing of documents in Case No. 05-45706, Adversary Proceeding Nos. 06-01190, 06-01294 and 08-01128 containing mention of his children. The Plaintiff's motion is also denied as to the sealing of documents that may be filed in the future with the Bankruptcy Court because the motion is premature. Further, the Debtor's request for relief in the form of a "Gag Order" is also denied because it is procedurally inappropriate.

## BACKGROUND

The instant motion is part of the latest chapter in a prolonged dispute between the Plaintiff and Defendant. The parties in this case have been involved in numerous matrimonial and custodial disputes since the Defendant filed for divorce and spousal maintenance in Supreme Court, Nassau County ("Nassau Supreme Court") on July 1, 2003.

On September 23, 2003, the Defendant commenced a proceeding for family offense in Family Court, Columbia County ("Columbia Family Court") against the Debtor. The Columbia Family Court found the Debtor "guilty of aggravated harassment, assault and attempted assault, and granted an order of protection" requiring the Debtor to stay away from the Defendant and their son. *See Chase v. Czajka*, No. 04 Civ. 8228, 2005 WL 1123397, at *2 (S.D.N.Y. May 12, 2005). Subsequently, the Debtor initiated a divorce action in Supreme Court, Albany County ("Albany Supreme Court") on October 8, 2003. On March 4, 2004, in the Albany divorce action, the Debtor filed for custody relief, and the Defendant cross-moved for child support and maintenance. The Albany Supreme Court referred the custody issue to the Columbia Family Court, and the financial issues to Supreme Court, Columbia County ("Columbia Supreme Court"). *Id.*

2

### 1. The July 21, 2004 Order of the Columbia Supreme Court

In an order dated July 21, 2004, the Columbia Supreme Court granted the Defendant exclusive use and possession of the marital residence in light of the hearing held by the Columbia Family Court finding that the Debtor had committed an act considered a family offense. *See Chase v. Chase*, No. 8471-04, at 2 (N.Y. Sup. Ct. Columbia County, July 21, 2004).[3]  Since the Defendant had custody of the child at the time of that decision, the Columbia Supreme Court required the Debtor to pay $148.77 per week in child support and maintain health insurance for the family. *Id.* at 3.  The Columbia Supreme Court declined to award temporary maintenance to the Defendant[4] but directed the Debtor to pay arrears on the mortgage encumbering the marital home and to make future mortgage payments until further notice since the house appeared to be the major asset of the marriage. *Id*. at 5.  The decision to make the Debtor "bring the mortgage current and make the monthly payments" was made as a "reasonable accommodation between the reasonable needs of [Ms. Chase] and the financial ability of [the Debtor], and [was] determined with regard to the pre-separation standard of living."[5] *Id*.

### 2. The Columbia Family Court's Finding of Neglect

On June 9, 2004, Columbia Family Court Judge Czajka issued an oral decision finding the Debtor guilty of neglect.  The Debtor, in October 2004, commenced a federal

---

[3] The July 21, 2004 order of the Columbia Supreme Court is available at (Mem. of Law, Ex. B, Adv. Pro. No. 08-01128, Docket No. 5).

[4] The decision not to award temporary maintenance to the Defendant was based on the short duration of the marriage and the Defendant's earning capacity. *See Chase v. Chase*, No. 8471-04, at 5 (N.Y. Sup. Ct. Columbia County, July 21, 2004).

[5] The Columbia Supreme Court noted that the Debtor was not required to "pay all the carrying charges on the marital residence as well as child support.  He [was] not, in effect, paying for the child's shelter twice. Defendant remain[ed] liable for the utilities and household maintenance, and ha[d] been assessed with a portion of the child support." *Id*.

civil rights action under 42 U.S.C. § 1983 in the United States District Court for the

Southern District of New York against the Family Court Judge, the Defendant and

various other parties. *See Chase v. Czajka***,** 2005 WL 1123397, at \*2; *see also Chase v.*

*Czajka*, No. 04 Civ. 8228, 2005 WL 668535 (S.D.N.Y. Mar. 23, 2005).  On March 23,

2005, the Magistrate Judge for the Southern District of New York issued a Report and

Recommendation that the Debtor's complaint be dismissed under the *Rooker-Feldman*

doctrine.  *Chase v. Czajka*, 2005 WL 668535, at \*5-6.  However, on March 30, 2005, the

Supreme Court issued its decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,

544 U.S. 280 (2005), limiting the scope of the *Rooker-Feldman* doctrine.  In light of the

*Exxon Mobil Corp.* decision, the District Court for the Southern District of New York

ordered the Magistrate Judge to reconsider his recommendation and render another

report.  *See Chase v. Czajka*, No. 04 Civ. 8228, 2005 WL 850838 (S.D.N.Y. Apr. 12,

2005).  In the second Report and Recommendation, the Magistrate Judge recommended

that the Debtor's complaint be dismissed under the *Rooker-Feldman* doctrine and/or the

domestic relations exception to federal jurisdiction,[6] or be transferred to the United States

District Court for the Northern District of New York.[7]  *See generally Chase v. Czajka***,**

2005 WL 1123397.  The Southern District of New York transferred the case to the United

---

[6] Since the Debtor's "federal claims [were] inextricably intertwined with the family court and state court decisions and judgments . . . .", *Chase v. Czajka*, 2005 WL 1123397, at \*6, the Magistrate Judge recommended the Debtor's case be dismissed because "the *Rooker-Feldman* doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court."  *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).  Alternatively, the Magistrate Judge recommended dismissing the case based on the domestic relations exceptions to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees."  *See Chase v. Czajka*, 2005 WL 1123397, at \*6 (citing *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1,12 (2004)).

[7] The defendants in *Chase v. Czajka***,** 2005 WL 1123397 had moved to dismiss Chase's complaint for improper venue or transfer the case to the Northern District of New York.  *Id.* at \*7.  The Magistrate Judge for the Southern District of New York recommended that the case be transferred to the Northern District of New York because all defendants resided in that district and a "substantial part of the events" giving rise to Chase's complaint occurred there.  *See id.*; *see also* 28 U.S.C. § 1391(b).

4

States District Court for the Northern District of New York, *Chase v. Czajka*, No. 04 Civ. 8228, 2005 WL 1352983 (S.D.N.Y. June 8, 2005), where the District Court dismissed the Debtor's complaint by "adopt[ing] the Report and Recommendation in part, as to [the Magistrate Judge's] recommendations concerning *Rooker-Feldman* and the domestic relations exception to federal jurisdiction." *Chase v. Czajka*, No. 1:05-CV-0779, 2007 WL 680741, at *1 n.4 (N.D.N.Y. Feb. 28, 2007) (noting that the portion of the report concerning venue and transfer was already ruled on by the District Court in the Southern District of New York).

### 3.  Contempt Proceedings before the Columbia Supreme Court

On September 20, 2004, the Defendant initiated contempt proceedings alleging that the Debtor willfully violated the July 21, 2004 order of the Columbia Supreme Court. The Columbia Supreme Court reserved decision without holding a hearing since a relative of the Defendant helped pay the outstanding arrears on the mortgage.  The parties stipulated to list the marital home for sale and the Defendant would receive a credit against the Debtor's share of the sale proceeds for the amount she or her relative paid on the mortgage.  (Mem. of Law, Ex. D, Adv. Pro. No. 08-01128, Docket No. 5.)  The record does not indicate whether the house has been sold.[8]

On March 4, 2005, the Debtor sought to hold the Defendant in contempt for violating prior court orders.  By cross motion, the Defendant asked the Columbia Supreme Court to decide the previously reserved decision on her request for contempt.

---

[8] During the course of Debtor's bankruptcy case, the Trustee listed the house for sale, however no motion to approve a sale was ever filed.  The secured lender thereafter sought relief from the automatic stay.  On August 1, 2007, the Bankruptcy Court lifted the stay on the marital residence to permit Chase Home Finance, LLC to proceed with a foreclosure action on the house.  (Order Granting Relief From The Automatic Stay, Case No. 05-45706, Docket No. 65.)  The record does not indicate whether the secured lender foreclosed on the house.

The Columbia Supreme Court, without holding a hearing, held the Debtor to be in contempt and sentenced the Debtor to 30 days in jail. The Debtor could purge the contempt by paying $39,243.00 in mortgage arrears and $2,975.40 in child support arrears within 30 days. No payment was ever made and the Debtor was never incarcerated based upon that contempt hearing. *See Chase v. Chase*, 45 A.D.3d 1206, 1207 (N.Y. App. Div. 2007).

   4.   **Custody Proceedings before the Columbia Family Court**

   On September 15, 2005, the Columbia Family Court awarded the Defendant sole legal and physical custody of the parties' child and established a visitation schedule for the Debtor. *See Chase v. Chase*, 34 A.D.3d 1077, 1077 (N.Y. App. Div. 2006). The Columbia Family Court noted that the Defendant was awarded custody with "great hesitation" in part because of her insistence that the Debtor had sexually abused the child, even though there was not sufficient credible evidence to support that allegation. *See id.* at 1078.

   The Columbia Family Court ordered both parties to appear before it once again when the Defendant failed to produce the child at one of the Debtor's scheduled visits. At that court appearance on September 28, 2005, it was revealed that the child's school psychologist had filed a report with the Nassau County Department of Social Services because the Defendant told the psychologist that the Debtor sexually abused the child. The Columbia Family Court ordered the parties not to discuss the sexual abuse allegations without express court authorization. *Id.*

   The Defendant then filed a family offense petition in Family Court, Nassau County ("Nassau Family Court") on September 30, 2005 seeking an order of protection

and alleging that the Debtor had sexually abused her son.  *Id.*  The Defendant did not

reveal to the Nassau Family Court the prior custody hearing and findings made by

Columbia County Family Court regarding lack of evidence to substantiate the allegations

of sexual abuse.  *Id.*  The Debtor was arrested and taken into custody as a result of the

filing.  The Debtor subsequently moved for sole legal and physical custody of his child.

The Nassau Family Court directed the parties to appear before it and the Defendant was

advised to appear with the child.  Ms. Chase did not appear but rather "abscond[ed] with

the child, whose whereabouts remained unknown for the next 15 days."  *Id.* at 1080.

After regaining temporary custody of the child, the Debtor was awarded sole legal and

physical custody.  *Id*. (noting that the Debtor was awarded custody because of the

Defendant's "repeated interference with [the Debtor's] parental rights, coupled with her

crusade to brand [the Debtor] a pedophile and her well-documented refusal to abide by

Family Court's prior orders.").

5. **Proceedings before the Bankruptcy Court**

On May 19, 2006, the Defendant, by order to show cause, again sought to hold

the Debtor in contempt of the July 21, 2004 order of the Columbia Supreme Court.  *See*

*id*. at 1207.  However, the Debtor had filed his bankruptcy petition on October 12, 2005

and moved the Bankruptcy Court to hold the Defendant in contempt for violating the

automatic stay by attempting to collect the $39,243.00 in mortgage arrears.  (Aff. in

Supp. of Mot. For Contempt for Violating the Automatic Stay Under § 362, Case No. 05-

45706, Docket Nos. 6&7.)  On July 19, 2006, the Bankruptcy Court held that the

Defendant did not violate the stay because she was attempting to collect a non-

dischargeable debt from non-estate assets of the Debtor. (Min. Order, July 19, 2006, Case No. 05-45706, Docket No. 15.)

The Debtor subsequently filed a "Petition for Contempt and Injunction" with the Bankruptcy Court seeking to hold the Defendant in contempt for seeking to enforce the state contempt order. (Petition for Contempt and Injunction, Case No. 05-45706, Docket No. 32.) In his petition, the Debtor alleged that his estranged spouse was (1) trying to collect the debt from property of the estate, and (2) her actions to collect the $39,243.00 in mortgage arrears was an attempt to collect an award of equitable distribution and not an award for maintenance. (Pet. at ¶ 17.) At an October 12, 2006 hearing on the Debtor's "Petition for Contempt and Injunction," the Bankruptcy Court stated that it would "reconsider, *sua sponte*, its July 19, 2006 order (the 'July Order') denying the Debtor's attempt to hold certain parties, including [Ms.] Chase, in contempt for violating the section 362 automatic stay for continuing to seek in state court a maintenance award issued by that court."[9] (Min. Order, 1, Oct. 18, 2006, Case No. 05-45706, Docket No. 43.) The Bankruptcy Court subsequently determined that reconsideration of the July Order was not warranted because there were no grounds under Rule 60(b). (Min. Order, 2, Oct. 18, 2006, Case No. 05-45706, Docket No. 43.)

The Bankruptcy Court found the issues raised by the Debtor in the "Petition for Contempt and Injunction" to be identical to the issues raised by the Debtor in the "Motion For Contempt for Violating the Automatic Stay Under § 362." In both motions, the Debtor sought to characterize his payment obligations to his estranged spouse as something other than support, maintenance or alimony, thereby rendering her conduct as

---

[9] The Bankruptcy Court applied Rule 60(b) of the Federal Rules of Civil Procedure and Federal Bankruptcy Rule 9024 when it stated it would reconsider the July Order. *See* FED. R. CIV. P. 60(b) (2006); FED. R. BANKR. P. 9024 (2006).

8

a violation of the automatic stay.  (See Min. Order, 5, Oct. 18, 2006, Case No. 05-45706,

Docket No. 43.)  The Bankruptcy Court found that it was precluded from hearing the

Debtor's "Petition for Contempt and Injunction" because doing so would constitute a

relitigation of the issues presented in the Debtor's "Motion For Contempt For Violating

the Automatic Stay Under § 362."  (Min. Order, 7, Oct. 18, 2006, Case No. 05-45706,

Docket No. 43.)  Specifically, in the July Order, the Bankruptcy Court found that the debt

owed to the Defendant was nondischargeable because it was in the nature of support and

maintenance.  In making that determination, the Bankruptcy Court considered (1) the

Defendant's payments for household maintenance, utilities and nursery school; (2) her

status as the custodial parent at the time; (3) her portion of the child support obligations;

(4) her lack of a state court award for temporary maintenance; and (5) the stipulation

between the parties whereby the Defendant would receive a credit from the Debtor's

share of the sale proceeds of the marital home for the amount she or her relative spent on

mortgage arrears.  (See Min. Order, 3-4, Oct. 18, 2006, Case No. 05-45706, Docket No.

43.)  The Bankruptcy Court held that collateral estoppel and res judicata prevented a

hearing of the "Petition for Contempt and Injunction" because the issue of the nature of

the debt owed to Ms. Chase was (1) identical to the issue in the July Order; (2) actually

litigated and decided in the July Order; and (3) necessary to support a valid and final

judgment on the merits.  The Debtor was also given a full and fair opportunity to litigate

the issue.  (Min. Order, 5-8, Oct. 18, 2006, Case No. 05-45706, Docket No. 43.)

　　　The Debtor moved for reconsideration of the October 12, 2006 order and the

Bankruptcy Court denied that motion.  (Order Denying Debtor's Motion For

Reconsideration, Case No. 05-45706, Docket No. 47.)  The Debtor appealed the

Bankruptcy Court's order denying reconsideration.  The United States District Court for

the Southern District of New York affirmed, *see Chase v. Chase*, No. 06 Civ. 13743, at 4

(S.D.N.Y. Jan. 22, 2008), and upheld the Bankruptcy Court's finding that the debt owed

to the Defendant by the Debtor was in the nature of support and not distribution of

marital property.[10]  *Id.* at 9-10.

### 6.  Bifurcated Divorce and Contempt Proceedings before the Columbia Supreme Court

While the proceedings were pending before the Bankruptcy Court, the Columbia

Supreme Court conducted a bifurcated divorce trial and contempt proceeding on August

14, 2006.  The Debtor was not represented by counsel at that hearing.  *Chase v. Chase*, 45

A.D.3d at 1207.  On September 5, 2006, the Columbia Supreme Court issued a decision

holding the Debtor in contempt of the July 2004 order even though the May 19, 2006

order to show cause filed by the Defendant did not allege any failure of the Debtor to

make the mortgage payments.  (Mot. to Dismiss, Ex. D, Adv. Pro. No. 08-01128, Docket.

No. 6.)  The Debtor was sentenced to 6 months in prison unless he purged the contempt

by paying the mortgage arrears to the Defendant within 60 days.  *See Chase v. Chase*, 45

A.D.3d at 1207.

On appeal, the Columbia Supreme Court's finding of contempt was reversed and

remanded on the grounds that (1) the May 2006 order to show cause did not allege a

violation of the mortgage payment provisions and therefore the Debtor was not provided

adequate notice to prepare to defend against that charge; (2) the Debtor was denied his

right to counsel at the contempt hearing; and (3) the contempt judgment was invalid

---

[10] In his appeal, the Debtor asked the District Court for the Southern District of New York for a "review of
the bankruptcy court's holding that the automatic stay does not apply to the state court's domestic support
order . . . ."  *See Chase v. Chase*, No. 06 Civ. 13743, at 4 (S.D.N.Y. Jan. 22, 2008).

because it did not describe "the contemptuous conduct or recite all the elements of civil

contempt." *See id*. at 1207-08.

## DISCUSSION

### 1. Motion to Seal

In the Motion to Seal, the Debtor does not provide any legal basis for the relief

sought.  The Debtor requests an order sealing all present and future files in Case No. 05-

45706, Adversary Proceeding Nos. 06-01190, 06-01294 and 08-01128 that mention his

children, which include his son from his marriage to the Defendant, as well as two other

children from a previous marriage.  The Debtor argues this motion is necessary to protect

his children from the allegations made by the Defendant concerning the sexual abuse

allegedly committed by the Debtor.  (See Mot. to Seal, ¶¶ 4&5, Adv. Pro. No. 08-01128,

Docket No. 7.)

The Court treats the present motion as a motion made under 11 U.S.C. §

107(b)(2) of the Bankruptcy Code.[11]  For the reasons set forth below, the Court denies the

Debtor's motion to seal documents contained in Case No. 05-45706, Adversary

Proceeding Nos. 06-01190, 06-01294 and 08-01128.  The Court also denies the Debtor's

motion to seal documents that may be filed in the future with the Bankruptcy Court.

    a.   Documents Filed in Case No. 05-45706, Adversary Proceeding Nos. 06-
        01190, 06-01294 and 08-01128

        1.  Section 107

Section 107(a) of the Code provides: "Except as provided in subsections (b) and

(c) of this section . . . a paper filed in a case under this title and the dockets of a

---

[11] § 107(b)(2) provides: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."  11 U.S.C. § 107(b)(2).

bankruptcy court are public records and open to examination by an entity at reasonable times without charge." *See* 11 U.S.C. § 107(a) (2006). "There is a strong presumption and public policy in favor of public access to court records." *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007); *see also Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) ("[T]he right of public access to court records is firmly entrenched and well supported by policy and practical considerations . . . ."); *In re Hemple*, 295 B.R. 200, 201 (Bankr. D.Vt. 2003) ("The Bankruptcy Code creates the presumption that all documents in bankruptcy cases are public documents.").

However, the public's right of access to judicial documents is not absolute. Section 107(b)(2) provides "[o]n request of a party in interest, the bankruptcy court shall . . . protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(2). Federal Rule of Bankruptcy Procedure 9018 is the corollary rule to § 107 and provides "[o]n motion . . . the Bankruptcy Court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." FED. R. BANKR. P. 9018 (2006). In enacting § 107, Congress intended the sealing of documents to be the exception rather than the rule. *Hope on Behalf of Clark v. Pearson,* 38 B.R. 423, 425 (Bankr. M.D. Ga. 1984). Motions to seal documents are "disfavored as a general rule" and "should be entered only when actually necessary to protect a party from harm." *In re Sherman-Noyes & Prairie Apartments Real Estate Investment Partnership,* 59 B.R. 905, 909 (Bankr. N.D. Ill. 1986). Since the sealing of records runs contrary to the strong policy of public access, "only clear evidence of

impropriety can overcome the presumption and justify protection under § 107(b)(2)." *In re Food Mgmt. Group, LLC*, 359 B.R. at 556; *see also In re EPIC Assocs. V*, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985) ("It is a highly unusual and extraordinary remedy for the Court to seal the records in any case because of the generally-recognized rule of law that the public has a right to know.").

The movant has the burden of proof to demonstrate the grounds for an exception under § 107(b)(2). *Id*. at 561 (citing *In re Fibermark, Inc*., 330 B.R. 480, 497 (Bankr. D. Vt. 2005)). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Id.* (citing *In re Orion Pictures Corp.,* 21 F.3d at 27). "In the Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons." *In re Fibermark Inc.*, 330 B.R. at 503-04 (citing *In re Ionosphere Clubs Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993)). In light of the strong presumption of public access to court documents, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to seal court records. *In re Food Mgmt. Group, LLC*, 359 B.R. at 554 (citing *In re Orion Pictures Corp.,* 21 F.3d at 27).

The Debtor argues that the present motion is necessary to protect his children. Motions to seal should only be granted when extraordinary circumstances and compelling need exist, *see id.* (citing *In re Orion Pictures Corp.,* 21 F.3d at 27), and when actually necessary to protect a party from harm. *See In re Project Time & Cost, Inc.*, No. 02-83002, 2005 Bankr. LEXIS 570, at *3 (Bankr. N.D. Ga. Mar. 21, 2005); *In re Sherman-Noyes & Prairie Apartments Real Estate Investment Partnership,* 59 B.R. at 909.

13

"[M]ere embarrassment or harm caused to the party is insufficient to grant protection under § 107(b)(2)." *See In re Food Mgmt. Group, LLC,* 359 B.R. at 561 (citing *In re Analytical Sys., Inc.,* 83 B.R. 833 (Bankr. N.D. Ga. 1987)). Regardless of whether the Debtor could satisfy his burden under § 107(b)(2), the Court finds that the Debtor's request for relief should be denied on the grounds that the documents requested to be sealed are either public documents or the information contained therein is derived from public documents.

2.  Public Documents

Courts lacks authority to seal public documents or information derived from public documents. *See id.* at 565 (citing *U.S. v. Continental Airlines, Inc.* (*In re Continental Airlines*), 150 B.R. 334, 339 (D. Del. 1993). *See also In re Overmyer,* 24 B.R. 437, 442 (Bankr. S.D.N.Y. 1982) (noting that "matter[s] of public record [are] not within the protection afforded by . . . [§] 107(b)(2)). In *In re Overmyer*, the debtor moved to strike certain portions of a bank's application for an extension of the time to object to the debtor's discharge and the dischargeability of certain claims.[12] 24 B.R. at 441. The debtor sought to strike the portion of the bank's application that "stated that more time was needed to investigate the affairs of the debtor because such investigation was 'time consuming and difficult because of the [d]ebtor's attitude toward the judicial system'" *Id.* The bank demonstrated the debtor's attitude toward the judicial system by citing a statement of the New York County Supreme Court, which was cited by the

---

[12] The debtor in *Overmyer* moved under Federal Rule of Civil Procedure 12(f) to strike portions of the bank's application. The court decided the motion under § 107(b)(2) of the Code since the bank's application was not a pleading in an adversary proceeding. Federal Rule 12(f) is only applicable in adversary proceedings, unless otherwise ordered by the court. *See In re Overmyer*, 24 B.R. at 441; *see also* FED. R. CIV. P. 12(f); FED. R. BANKR. P. 7012(b) (providing that Federal Rules 12(b)-(h) apply in adversary proceedings); FED. R. BANKR. P. 9014(c) (failing to list Bankruptcy Rule 7012 as a rule that applies in contested matters).

Second Circuit in *Overmyer v. Fidelity & Deposit Co. of Maryland,* 554 F.2d 539, 542 (2d Cir. 1977). *See In re Overmyer*, 24 B.R. at 441. The *Overmyer* court declined to seal the statement under §107(b)(2) because the "statement describing the debtor's attitude towards the judicial system was drawn from a quotation that appears in a published opinion entered by the Second Circuit Court of Appeals. This . . . is a matter of public record and not within the protection afforded by . . . [§]107(b)(2)." *Id.*

In *In re Food Management Group, LLC*, the defendants moved the court pursuant to § 107(b)(2) to order the chapter 11 trustee to file an adversary complaint under seal because the complaint contained scandalous or defamatory matter. 359 B.R. at 547. The adversary complaint alleged that the defendants, who were counsel to the debtor, violated Bankruptcy Rule 9014(a) by failing to disclose their prior representation of a party who had an interest adverse to the estate. The complaint also alleged that the defendants violated their fiduciary duty to estate by failing to disclose certain information to the court. *Id.* at 551-52. The defendants claimed that the adversary complaint, if left unsealed, would tarnish the firm's reputation. *Id.* at 561. One of the grounds on which the court denied the defendant's motion to seal was that the court lacked "authority to seal information derived from public documents." *Id.* at 565. The allegations in the adversary complaint were derived from documents publicly available on ECF, *id.* at 565 n. 25, therefore the court "permit[ted] the adversary complaint to be filed as part of the [c]ourt's public records because the vast majority of the facts on which the Trustee bases the allegations in the adversary complaint are already part the public record . . . ." *Id.* at 565. The *Overmyer* and *Food Management, LLC* decisions make clear that courts do not

have authority under § 107(b)(2) to seal public documents or information derived from public documents.

After a careful review of all the pleadings submitted in this case, the documents requested to be sealed are either public documents or the statements therein are derived from public documents. For example, as Exhibit E in his Memorandum of Law, the Debtor includes a decision of the New York Appellate Division, Third Judicial Department. (Mem. of Law, Ex. E, Adv. Pro. No. 08-01128, Docket No. 5.) This document is available at *Chase v. Chase*, 34 A.D.3d 1077 (N.Y. App. Div. 2006). The opinion makes numerous references to the allegations that the Debtor sexually abused his son and is one of the documents that the Debtor wishes to seal. *See id.* at 1078-79. The Court does not have the authority to seal the opinion since it is already a public document. Other public documents included in the pleadings containing mention of the Debtor's children are (1) Amended Decision and Order of the State of New York, County of Columbia, July 21, 2004 (Mem. of Law, Ex. B, Adv. Pro. No. 08-01128, Docket No. 5); (2) Final Order of Custody and Temporary Visitation issued by the State of New York Family Court, County of Columbia, March 26, 2007 (Mem. of Law, Ex. F, Adv. Pro. No. 08-01128, Docket No. 5); and (3) Decision and Order of the State of New York Supreme Court, County of Columbia, September 5, 2006 (Mot. to Dismiss, Ex. D, Adv. Pro. No. 08-01128, Docket No. 6). In addition, some of the filed pleadings are documents from family law proceedings in New York state court that set forth the allegations of sexual abuse committed by the Debtor. (See Aff. In Supp. of Resp. for Mot. to Dismiss, Ex. N, Adv. Pro. No. 08-01128, Docket No.11.)

The prior litigations have also produced numerous public documents that mention the parties' child and the allegations of sexual abuse. The Court lacks authority to seal information derived from those public documents. *See In re Food Mgmt. Group, LLC,* 359 B.R. at 565. In the federal civil rights suit brought by the Debtor in the United States District Court for the Southern District of New York, the court notes: "Chase's complaint is replete with discussion [of] the state court divorce and child custody proceedings." *Chase v. Czajka*, 2005 WL 1123397, at *1. In the civil rights action, the Debtor asserted that Ms. Chase:

> [S]landered, libeled and defamed [the Debtor] by making false allegations of child sexual abuse in Columbia County . . . (3) & (4) [Ms. Chase] intentionally inflicted emotional distress on Chase by conspiring against him and defaming him with false allegations of child sexual abuse made to officials in Columbia County . . . (8) defendant Barbara Scarduzio, a friend of [Ms. Chase] and their child's babysitter, acted in common with [Ms. Chase] and Sheriff's Investigator Skype in a scheme to extort and defame Chase through allegations of child sexual abuse."

*Id.*

Other published judicial opinions that mention the Debtor's children are *Varble v. Chase* (*In re Chase*), 372 B.R. 133 (Bankr. S.D.N.Y. 2007) and *Lubit v. Chase* (*In re Chase*), 372 B.R. 125 (Bankr. S.D.N.Y. 2007).[13] These opinions were issued under Adv. Pro. No. 06-01190 and 06-01294 and are now part of the public domain. (See Mem. Op., May 18, 2007, Adv. Pro. No. 06-01190, Docket No. 20; Mem. Op., May 18, 2007, Adv. Pro. No. 06-01294 Docket No. 47.) The Court cannot seal these public documents or any information derived from them.

In *Varble v. Chase*, Mr. Varble was hired by the Debtor to provide "legal services in the Debtor's divorce and child custody proceedings pending in the Columbia County

---

[13] The two matters were tried together before the United States Bankruptcy Court for the Southern District of New York. (Hr'g. Tr. 3, Mar. 1, 2007, Adv. Pro. No. 06-01190, Docket No. 19; Hr'g. T. 3, Mar. 1, 2007, Adv. Pro. No. 06-01294, Docket No. 45.)

Supreme Court and Family Court." 372 B.R. at 135.  Varble brought an adversary proceeding against the Debtor to determine the dischargeability of a debt for the legal fees incurred while representing the Debtor.[14]  In *Lubit v. Chase*, the "Debtor hired Lubit to perform forensic psychiatric consultation and expert witness services in the Debtor's child custody proceeding pending in the Family Court of Columbia County."  372 B.R. at 127.  Lubit also brought an adversary proceeding against the Debtor to determine the dischargeability of a debt for the fees Lubit incurred during the proceedings before the Columbia Family Court.[15]

In a hearing on both matters, Mr. Lubit, in response to his own attorney's questioning, testified "there were massive documents about [the Debtor] having been accused of sexually molesting his child and that a very large part of what I was doing in the case was to contest the allegations that he had abused his child . . . ."  (Hr'g. Tr. 189, Mar. 1, 2007, Adv. Pro. No. 06-01190, Docket No. 19; Hr'g. T. 189, Mar. 1, 2007, Adv. Pro. No. 06-01294, Docket No. 45.)  At the hearing, the Debtor himself attempted to introduce into evidence documents,[16] which he now moves to seal, that contain mention of one of his children.  The trial exhibits that mention his child and the allegations of sexual abuse include (1) Defendant-Chase Exhibit 5: Final Order Of Custody and Temporary Visitation, Family Court, Columbia County, March 26, 2007 (compare Hr'g.

---

[14] The court held that "(1) Varble's prepetition fees are not excepted from discharge pursuant to § 523(a)(2)(A) & (C)[(i)](I) of the Bankruptcy Code and, therefore, can be discharged under § 727(b) of the Bankruptcy Code, and (2) Varble's postpetition fees are not dischargeable under § 727(b) of the Bankruptcy Code." *Varble v. Chase (In re Chase)*, 372 B.R. at 135.

[15] The court held that "(1) Lubit's prepetition fees are not excepted from discharge pursuant to § 523(a)(2)(A) & (C)[(i)](I) of the Bankruptcy Code and, therefore, can be discharged under § 727(b) of the Bankruptcy Code, and (2) Lubit's postpetition fees are not dischargeable under § 727(b) of the Bankruptcy Code." *Lubit v. Chase (In re Chase)*, 372 B.R. 125.

[16] The court sustained objections to admitting the Debtor's documents into evidence since the documents were irrelevant to the proceedings before the court.  (Hr'g. Tr. 45, Mar. 1, 2007, Adv. Pro. No. 06-01190, Docket No. 21; Hr'g. Tr. 45, Mar. 1, 2007, Adv. Pro. No. 06-01294, Docket No. 72.)

Tr. 42, Mar. 1, 2007, Adv. Pro. No. 06-01190, Docket No. 21; Hr'g. Tr. 42, Mar 1, 2007,

Adv. Pro. No. 06-01294, Docket No. 72 *with* Mem. of Law, Ex. F, Adv. Pro. No. 08-

01128, Docket No. 5); and (2) Defendant-Chase Exhibit 6: Memorandum and Order,

New York Appellate Division, Third Judicial Department, Nov. 22, 2006. *See Chase v.

Chase*, 34 A.D.3d 1077. (Compare Hr'g. Tr. 42, Mar. 1, 2007, Adv. Pro. No. 06-01190,

Docket No. 21; Hr'g. Tr. 42, Mar 1, 2007, Adv. Pro. No. 06-01294, Docket No. 72 *with*

Mem. of Law, Ex. E, Adv. Pro. No. 08-01128, Docket No. 5.) Since the transcript,

exhibits and judicial opinions are already public documents, the Court cannot exercise its

power under § 107(b)(2) to seal them or any information derived from them, including

the allegations of the sexual abuse of the Debtor's child.

Even if the Court had the authority to grant the Debtor's request and seal the

requested documents, the Court questions whether such an action would produce the

desired result of protecting the Debtor's children. The sealing of any documents in the

Bankruptcy Court has no impact on documents already in the public domain. Since

several of the documents in the parties' pleadings are already in the public domain, *see

e.g., Chase v. Chase*, 34 A.D.3d 1077; (Mem. of Law, Exs. B&F, Adv. Pro. No. 08-

01128, Docket No. 5; Mot. to Dismiss, Ex. D, Adv. Pro. No. 08-01128, Docket No. 6), it

would be fruitless for the Court to seal these documents since public access to them in

other forums would be unaffected.

b. Documents that May Be Filed in the Future

The Court denies the Debtor's motion concerning the sealing of documents that

may be filed in the future with the Court as premature since § 107 only applies to "a

paper *filed* in a case . . . ." *See* 11 U.S.C. § 107(b)(2) (2006) (emphasis added). This

opinion does not foreclose the Debtor's ability to move the Court to seal documents that may be filed in the future, provided that such documents or information therein is not otherwise in the public domain. Any such future motion must be analyzed on a case-by-case basis.

### 2. Gag Order

In his reply brief to the Defendant's "Affidavit in Opposition to Sealing Records," the Debtor has requested relief in the form of a "Gag Order" against the Defendant to prohibit her from making any statement to a third party alleging that the Debtor is a child molester. (Ans. to Mot. to Dismiss and Mot. to Seal From Public Viewing and Req. for a Gag Order, 4, Adv. Pro. No. 08-01128, Docket No. 13.)[17] No such relief was requested in the Debtor's original Motion to Seal. Furthermore, the Debtor's reply brief was filed on June 27, 2008 and the hearing on the Motion to Seal was scheduled for July 2, 2008.

The Court is cognizant of the fact that the Debtor has obtained a Temporary Order of Protection from the Family Court, Suffolk County ("Suffolk Family Court"), ordering the Defendant to refrain from making any statements to a third party alleging that the Debtor is a child molester. (See Ans. to Mot. to Dismiss and Mot. to Seal From Public Viewing and Req. for a Gag Order, Ex. A., Adv. Pro. No. 08-01128, Docket No. 13.) Fundamentally, the Debtor is requesting the Bankruptcy Court to provide the same relief already granted by the Suffolk Family Court. The Temporary Order of Protection was issued on February 8, 2008. The Debtor states that he has already filed two petitions with the Suffolk Family Court alleging that the Defendant violated the Temporary Order of Protection. One of those petitions alleges the Defendant violated the order when she

---

[17] The Debtor's "Answer to Motion to Dismiss and Motion to Seal From Public Viewing and Request for a Gag Order" is a reply to the Defendant's "Affirmation in Opposition to Sealing Records" and the Defendant's "Motion to Dismiss." (Mot. to Dismiss, Adv. Pro. No. 08-01128, Docket No. 6.)

submitted various documents to the Bankruptcy Court.  (See Ans. to Mot. to Dismiss and

Mot. to Seal From Public Viewing and Req. for a Gag Order, Ex. C, Adv. Pro. No. 08-

01128, Docket No. 13.)  In light of the circumstances and various state court proceedings,

it is more appropriate for the Debtor to seek relief in state court for any alleged violation

of the Temporary Order of Protection.

The Debtor's request for a "Gag Order" is denied as procedurally inappropriate

because the requested relief was (1) not sought for by the Debtor in the original Motion to

Seal, and (2) was improperly noticed to the Defendant.  First, it is procedurally

inappropriate for the Debtor to seek additional relief in his reply.  *See e.g.*, *L.M. v.*

*Capistrano Unified Sch. Dist.*, No. CV 06-3049, 2007 U.S. Dist. LEXIS 97057, at *20

n.2 (C. D. Cal. Mar. 13, 2007) ("It is inappropriate for Plaintiffs to request additional

relief in their reply.").  Second, by mailing a copy of his reply brief to the Defendant on

June 26, 2008, and filing his reply brief on June 27, 2008, the Debtor did not provide the

Defendant with an opportunity to respond by filing papers with the Bankruptcy Court in

time for the scheduled July 2, 2008 hearing on the Debtor's Motion to Seal.[18]  This

constitutes improper notice to the Defendant of the new request for relief.  Since it was

inappropriate for the Debtor to assert a request for a "Gag Order" in his reply, the Debtor

needed to raise his request for additional relief in a new motion.  Local Rule of

Bankruptcy Procedure 9006-1(a) requires that "motion papers shall be served at least 10

days before the return date . . . ."  *See* Local Rules for the United States Bankruptcy Court

Southern District of New York 9006-1(b) (2004).

Even if the Court were to treat the portion of the Debtor's reply requesting the

"Gag Order" as a motion seeking an additional form of relief, the Debtor still must

---

[18] The Debtor's reply brief was entered on the ECF system on July 1, 2008.

08-01128-ajg   Doc 14   Filed 07/25/08   Entered 07/25/08 09:08:44   Main Document
Pg 22 of 23

provide adequate notice of the request to the Defendant in order to allow her time to properly respond. *See id.* Since the relief sought by the Debtor is procedurally inappropriate, it will be denied and the Court will not address the merits of the request. Moreover, as stated above, it is clear that the Debtor is requesting the same relief already provided by the Temporary Order of Protection issued by the Suffolk Family Court. Any relief for a violation of the Temporary Order of Protection should be sought in Suffolk Family Court.

The Court's ruling regarding the Debtor's request for a "Gag Order" is not, nor is intended to be, a determination of whether the Defendant violated the Temporary Order of Protection issued by the Suffolk Family Court. In deciding the issue of whether the Debtor's request for a "Gag Order" should be granted, the Court did not adjudicate the issue of what actions, if any, of the Defendant may have violated the Temporary Order of Protection.

## CONCLUSION

The Debtor's motion as to the sealing of present documents in Case No. 05-45706, Adversary Proceeding Nos. 06-01190, 06-01294 and 08-01128 is denied because the documents requested to be sealed are either public documents or the information contained therein is derived from public documents.

The Debtor's motion as to the sealing of documents that may be filed in the future with the Bankruptcy Court is denied without prejudice as premature. However, the Court notes that any future motion to seal documents that are public documents or are derived from public documents will likely be denied on the same grounds set forth herein regarding the present documents.

22

The Debtor's request for relief in the form of a "Gag Order" is denied without prejudice as procedurally inappropriate. The Court notes that any future request for a similar "Gag Order," even if procedurally correct, may result in the Court denying such request and deferring to any pending enforcement action in the state court regarding the same relief.

Accordingly, for the foregoing reasons, it is hereby

ORDERED, the Debtor's motion as it pertains to the sealing of documents in Case No. 05-45706, Adversary Proceeding Nos. 06-01190, 06-01294 and 08-01128 is denied; and it is hereby further

ORDERED, the Debtor's motion as it pertains to the sealing of documents that may be filed in the future with the Bankruptcy Court is denied without prejudice to renew the motion to seal for any future document, provided that such future documents are not public documents nor derived from public documents, and it is hereby further

ORDERED, the Debtor's request for relief in the form of a "Gag Order" is denied without prejudice.

Dated: New York, New York
        July 25, 2008

                        s/Arthur J. Gonzalez
                        UNITED STATES BANKRUPTCY JUDGE