UNITED STATES BANKRUPTCY COURT  NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

———————————————————— :
In re              :
                :  Chapter 7
JOHN T. CHASE,        :
                :  Case No. 05-45706 (AJG)
        Debtor.  :
————————————————————:
                :
JOHN T. CHASE,        :
                :
        Plaintiff,  :
                :
     v.          :  Adv. Pro. No. 08-01128 (AJG)
                :
KRISTIN F. CHASE,       :
                :
        Defendant. :
————————————————————:

## OPINION AND ORDER ON MOTION TO RECONSIDER

  Before the Court is John T. Chase's (the "Debtor") Motion to Reconsider the Court's opinion (the "Opinion") and order (the "Order") dated August 18, 2008.

  In the Opinion, the Court granted Kristin F. Chase's (the "Defendant") Motion to Dismiss the adversary proceeding, which was commenced by the Debtor to discharge a debt owed to the Defendant incurred under a state court order.  The Court stated:

> [T]he Motion [to Dismiss] is granted because relief cannot be granted under § 523(a)(6); the Debtor is collaterally estopped from relitigating the issue of whether the debt is a debt for alimony, maintenance, or support; such debts are non-dischargeable under former § 523(a)(5); and since the debt is for alimony, maintenance, or support, former § 523(a)(15) is inapplicable and, therefore, the relief sought under that section cannot be granted.

*Chase v. Chase (In re Chase)*, 392 B.R. 72, 75 (Bankr. S.D.N.Y. 2008).

On September 8, 2008, the Debtor filed a letter dated September 4, 2008 (the "Letter") stating that he has attached two documents for filing: one captioned Motion for Reconsideration (correct caption is "Affirmation in Support of Motion for Reconsideration") (the "Motion") and the other captioned Notice of Appeal (the "Appeal"). Both documents were also dated September 4, 2008. The Debtor failed to file a motion requesting an extension of time to file the Appeal because the Appeal (and the Motion) was filed more than 10 days after the entry of the Order. *See* Fed. R. Bankr. P. 8002(c)(2). Nor is there any indication in the Appeal that such a request was made. Further, the Court notes that the Debtor has previously filed a timely Notice of Appeal in this Court on a related matter. *See* Notice of Appeal, October 30, 2006, Case No. 05-45706, Docket No. 48.

In the Motion, the Debtor argues that issue and claim preclusion, res judicata, and collateral estoppel did not preclude his complaint because "as a factual matter there has never been a full and fair opportunity to litigate the primary underlying issues at hand" either in state court or during the bankruptcy proceeding.[1] (Mot. Reconsider ¶¶ 3, 5-6.) The Debtor asserts that "the Rooker Feldman doctrine is inapplicable as well."[2] (Id. at 4.)

---

[1] In the Opinion, the Court found that the Debtor was collaterally estopped from relitigating the nature of the debt since the Court, after conducting an independent inquiry, had determined that the debt was non-dischargeable under former § 523(a)(5) as part of its ruling on the Debtor's Motion for Contempt for Violating the Automatic Stay. *In re Chase*, 392 B.R. at 82-85. The Court further stated that the issue as to whether the debt was for alimony, maintenance, or support "was fully litigated, and upheld on appeal, in the prior determination." *Id*. at 84.

[2] The Opinion does not mention the Rooker-Feldman doctrine. As stated in the Opinion, "[f]ormer § 523(a)(5)(B) requires the bankruptcy court to conduct an independent inquiry to determine whether a debt characterized as alimony, maintenance, or support was actually in nature of alimony, maintenance, or support. This determination is made under federal, not state, law, and is not governed by state law treatment of the obligation nor by the label the parties have used to describe the obligation." *In re Chase*, 392 B.R. at 81. Accordingly, the Court conducted an independent inquiry and determined that the debt owed was in the nature of support and not distribution of marital property in its initial opinion. *See* Min. Order, July 19, 2006, Debtor's Motion for Contempt for Violating the Automatic Stay, Case No. 05-45706, Docket No. 15; *see also* Opinion and Min. Order, October 18, 2006, Withdrawing *Sua Sponte* Motion to Reconsider and Denying Debtor's Petition for Contempt and Injunction, Case No. 05-45706, Docket No.

The Debtor further states that it is insufficient given "the facts of this case and the
controlling bankruptcy law to speculate as to what determination may have been made by
the state court in categorizing certain alleged debt and only a full and fair hearing can
correct such errors."  (Mot. Reconsider ¶ 8).

## DISCUSSION

Essentially, by filing the Motion and the Appeal contemporaneously more than 10
days after the entry of the Order, the Debtor has effectively asked that this Court and the
appellate court rule simultaneously on the same issues.  Thus, it is unclear to the Court
whether it has jurisdiction to determine the Motion pending the adjudication of the
timeliness of the Appeal.

As such, to the extent the Court does not have jurisdiction due to the filing of the
Appeal, the Court denies the relief requested in the Motion as it no longer has jurisdiction
over the issues.

To the extent the Court has jurisdiction to determine the Motion, the Court denies
the Motion filed pursuant to Federal Rule of Bankruptcy Procedure 9024 ("Rule 9024").[3]

As stated in the Opinion,

> Under Rule 60(b), the court may relieve a party from a final judgment,
> order, or proceeding for several reasons, including (1) mistake,
> inadvertence, surprise, or inexcusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic) by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has been reversed or

43.  The District Court affirmed the Court's findings.  *See Chase v. Chase*, No. 06 Civ. 13743,
Memorandum Opinion and Order, at 4 (S.D.N.Y. Jan. 22, 2008).
[3] Since the Motion was filed untimely for consideration under Federal Rule of Bankruptcy Procedure 9023
and the Court cannot enlarge the time, even if a request was made, because it lacks the authority to do so
under Federal Rule of Bankruptcy Procedure 9006(b)(2), the Court will characterize the Motion as a
request for relief under Federal Rule of Civil Procedure 60 ("Rule 60"), made applicable to cases under
Title 11 by Rule 9024.

vacated; or applying it prospectively is no longer equitable; or (6) any
other reason that justifies relief.  Under Rule 60(c), a motion for relief
under Rule 60(b)(1), (2), or (3) must be made within a year of the entry of
the judgment or order or the date of the proceeding.  For all other reasons,
the motion must be made within a reasonable time.

*In re Chase*, 392 B.R. at 85; Fed. R. Civ. P. 60.

Here, the Debtor does not assert any basis for relief from the Order as set forth in

Rule 60 nor does the Debtor present any new factual or legal theories upon which the

Court can justify relief under Rule 60.

## ORDER

Accordingly, for the reasons stated above, it is hereby:

ORDERED that the Motion is denied.

Dated:   New York, New York
         September 23, 2008

**s/Arthur J. Gonzalez**
UNITED STATES BANKRUPTCY JUDGE